**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamicia Currie, | No. CV-07-2093-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Community College District; Marvin Shapiro, | |
| Defendants. | |

The court has before it defendant Maricopa County Community College District's ("MCCCD") motion for judgment on the pleadings (doc. 13), plaintiff's response (doc. 14), and MCCCD's reply (doc. 15).

Plaintiff filed a complaint on October 16, 2007, alleging sexual harassment and educational discrimination against MCCCD and instructor Marvin Shaprio. She also alleged state law claims of intentional and negligent infliction of emotional distress, defamation, and "personal injury." (doc. 1, exhibit B). Plaintiff claims that Shapiro began harassing her during classes in the fall of 2005, and continuing into the fall of 2006. She alleges that she was forced to withdraw from classes during the fall of 2006, and suffered personal injury and damage to her business as a result of defendants' actions.

1     MCCCD argues that plaintiff's state law claims are barred because she failed to
2 comply with the notice requirements of A.R.S. § 12-821.01(A).  Under Arizona's notice of
3 claim statute, a plaintiff with a claim against a public entity or employee must first file a
4 notice of claim with the person authorized to accept service on behalf of that entity or
5 employee within 180 days after the cause of action accrues.  Id.  Compliance with the notice
6 provision is a "mandatory and essential prerequisite," Martineau v. Maricopa County, 207
7 Ariz. 332, 334, 86 P.3d 912, 914 (Ct. App. 2004), and a plaintiff's failure to comply bars any
8 claim.  Falcon v. Maricopa County, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006).

9     Plaintiff sent a notice of claim pursuant to A.R.S. § 12-821.01(A) on June 25, 2007.
10 Amended Complaint ¶ 22.  In that notice, she alleged that her cause of action occurred on
11 November 14, 2006.  Amended Answer, ex. A.  Therefore, under § 12-821.01(A), plaintiff
12 was required to file her notice of claim no later than May 14, 2007.  Because she did not file
13 her notice until June 25, 2007, some 42 days late, her state law claims are barred by A.R.S.
14 § 12-821.01(A).

15     Plaintiff claims for the first time in her response to defendants' motion that the time
16 to file her notice of claim should be tolled because she suffered "severe depression" and was
17 "mentally paralyzed" for approximately seven weeks as a result of the harassment, rendering
18 her "insane or incompetent" under A.R.S. § 12-821.01(D).  Plaintiff's Response at 4.  She
19 claims that she began "steps to recovery" and regained "mental stability" on or about January
20 8, 2007.  Id.  However, her amended complaint establishes that during this same period she
21 sent a formal certified complaint to Kay Martens, Chief Director of Student Affairs at South
22 Mountain Community College; "persistently pursued the offices of Kay Martens" demanding
23 that her claims be addressed; met with Kay Martens regarding her complaint; contacted the
24 Maricopa Community College legal department twice in pursuit of her claim; and withdrew
25 from South Mountain Community College and enrolled at another community college.
26 Amended Complaint ¶¶ 12-19.  These activities belie her claim that she was insane,
27 incompetent, or otherwise unable to manage her affairs or understand her legal rights such
28 that she is entitled to equitable tolling of the notice of claim statute.

1     Because plaintiff failed to comply with the 180-day filing deadline set forth in § 12-
2 821.01(A), and because she has failed to establish that she is entitled to equitable tolling
3 under § 12-821.01(D), we conclude that plaintiff's state law claims are barred.

4     **IT IS ORDERED GRANTING** MCCCD's motion for judgment on the pleadings
5 with respect to the state law claims (doc. 13).

6     DATED this 27th day of March, 2008.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -