**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamicia Currie,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Community College District; Marvin Shapiro,<br><br>　　　　Defendants. | No. CV-07-2093-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Marvin Shapiro's motion for judgment on the pleadings (doc. 23), plaintiff's response (doc. 24), and Shapiro's reply (doc. 25).

**I**

Plaintiff filed a complaint on October 16, 2007, alleging racial and sexual harassment under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and Title IX of the Education Amendments of 1972, as amended by the Civil Rights Restoration Act of 1987, 20 U.S.C. § 1681 ("Title IX"), respectively, as well as deprivation of rights pursuant to 42 U.S.C. § 1983, against Maricopa County Community College District ("MCCCD") and instructor Marvin Shapiro.  She also alleged state law claims of intentional and negligent infliction of emotional distress, defamation, and "personal injury."  Plaintiff contends that

Shapiro began harassing her during classes in the fall of 2005, and continuing into the fall of 2006. She claims that she was forced to withdraw from classes during the fall of 2006, and suffered personal injury and damage to her business as a result of defendants' actions. We previously granted MCCCD's motion for judgment on the pleadings with respect to the state law claims due to plaintiff's failure to comply with the notice requirements of A.R.S. § 12-821.01(A) (doc. 18). In doing so, we also rejected her argument that she was entitled to equitable tolling under A.R.S. § 12-821.01(D).

Shapiro now moves to dismiss the claims against him on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. He contends that plaintiff's state law claims are barred because she failed to comply with the notice requirements of A.R.S. § 12-821.01(A). He also moves to dismiss the Title VI and Title IX claims for failure to state a claim upon which relief can be granted.

## II

Under Arizona's notice of claim statute, a plaintiff with a claim against a public entity or a public employee must first file a notice of claim with the person authorized to accept service on behalf of that entity or employee within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A). Compliance with the notice provision is a "mandatory and essential prerequisite," Martineau v. Maricopa County, 207 Ariz. 332, 334, 86 P.3d 912, 914 (Ct. App. 2004), and a plaintiff's failure to comply bars any claim, Falcon v. Maricopa County, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006).

Plaintiff incorrectly argues that the notice of claim statute only applies to public entities, not individuals. The statute expressly applies to "[p]ersons who have claims against a public entity *or a public employee.*" A.R.S. § 12-821.01(A) (emphasis added). There is no dispute that Shapiro is a public employee.

Plaintiff also argues that the notice of claim statute does not apply because her claims are asserted against Shapiro in his individual, as well as his official capacity. This distinction, however, is not relevant in the context of the notice of claim statute. Instead, the relevant inquiry is whether the claims arise "out of acts by public employees in the scope of

- 2 -

their employment." McCloud v. State, 217 Ariz. 82, 170 P.3d 691, 699 (Ct. App. 2007). An employee's conduct falls within the scope of employment "if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." Id. at 700. An employee's improper conduct will be deemed "within the scope of employment" if the conduct is "incidental to the employee's legitimate work activity." Dube v. Desai, No. 07-CV-0084, 2008 WL 141181, at *4 (Ct. App. January 11, 2008) (citing State v. Schallock, 189 Ariz. 250, 258, 941 P.2d 1275, 1283 (1997) (an employee may act within the scope of authorized employment when sexually harassing subordinates)).

Here, plaintiff alleges that Shapiro "committed the below listed wrongful torts as official acts of [his] position," and "engaged in outrageous harassing conduct . . . during educational hours." Amended Complaint at 2. The specific allegations demonstrate that claims against Shapiro arose within the context of his employment. Id. at 3, ¶ 4 (Shapiro placed a student sign-in sheet on his desk), ¶ 6 (Shapiro's comment in the classroom), ¶ 7 (comments to plaintiff's classmates during educational hours), ¶ 8 (comment in front of the entire class). Because the claims against Shapiro are alleged to have occurred within the scope of his employment, compliance with the notice of claims statute is required.

Plaintiff sent a notice of claim on June 25, 2007, stating that her cause of action occurred on November 14, 2006. Id. ¶ 22; Amended Answer, ex. A. She alleges no action by Shapiro after November 14, 2006. Therefore, plaintiff was required to file her notice of claim against Shapiro no later than May 14, 2007. Because she did not file her notice until June 25, 2007, some 42 days late, her state law claims against Shapiro are barred by A.R.S. § 12-821.01(A).

We reject plaintiff's argument that the filing deadline should be tolled because she made an informal complaint to the Vice President of Student Affairs. Section 12-821.01(C) provides a tolling of the notice period where "any claim *must be submitted* to a binding or nonbinding . . . review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term." Id. (emphasis added). There is no

- 3 -

allegation, however, that plaintiff was required, pursuant to any statute, rule, regulation, or otherwise, to submit a complaint to MCCCD before filing a notice of claim against Shapiro. Plaintiff is not entitled to tolling under A.R.S. § 12-821.01(C).

### III

Shapiro next argues that plaintiff's claims under Title VI and Title IX should be dismissed for failure to state a claim.[1] Title IX prohibits discrimination based on sex in "any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681. Only recipients of federal funding may be liable in damages under Title IX. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 640-42, 119 S. Ct. 1661, 1670-71 (1999) (holding that the "Government's enforcement power may only be exercised against the funding recipient, and we have not extended damages liability under Title IX to parties outside the scope of this power") (citation omitted). Because Shapiro is an employee of MCCCD, and is not alleged to be the recipient of federal funds, we dismiss plaintiff's Title IX claim against Shapiro. See Soper v. Hoben, 195 F.3d 845, 854 (6th Cir. 1999).

Similarly, Title VI applies only to programs receiving federal financial assistance. 42 U.S.C. § 2000d. It is "parallel to Title IX except that it prohibits race discrimination, not sex discrimination," but otherwise "[t]he two statutes operate in the same manner." Gebser v. Lago Vista Indep. School Dist., 524 U.S. 274, 286, 118 S. Ct. 1989, 1997 (1998). We conclude that Title VI does not impose liability on an individual instructor who is not the recipient of federal funds. Accordingly, we also dismiss plaintiff's Title VI claim against Shapiro.

We note that plaintiff filed this action against Shapiro in both his official and individual capacities. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). Because it is the functional equivalent of a direct suit against a

---

[1] Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant Shapiro's motion to dismiss Title VI and Title IX claims. See LRCiv 7.2(i).

- 4 -

1  government entity, an official capacity claim is duplicative and should be dismissed. See,
2  e.g., Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (concluding that "[t]o
3  keep both the City and the officers sued in their official capacity as defendants . . . would
4  have been redundant and possibly confusing to the jury"). Accordingly, we dismiss the Title
5  VI and Title IX claims against Shapiro in both his individual and official capacities.

**IV**

Plaintiff challenges a question we posed to defendants' counsel during the Rule 16 scheduling conference as to whether the notice of claim statute applies to the individual, as well as the entity, defendant, and our suggestion that any future motion resolving this issue be filed sooner rather than later. Plaintiff contends that this discussion evidences our bias in favor of defendants. This allegation indicates plaintiff's basic misunderstanding of the purpose of a Rule 16 scheduling conference, as well as the role of the court. Pursuant to Rule 16(c)(2), Fed. R. Civ. P., during a Rule 16 scheduling conference, a court is charged with the responsibility of taking appropriate action to simplify the issues and eliminate frivolous claims and defenses, determining the propriety of summary adjudication of issues, and otherwise facilitating the "just, speedy, and inexpensive disposition of the action." As the transcript makes clear, we explained this process to plaintiff at the conference. We told her how important is was to narrow the issues. Having just ruled on the issue in connection with MCCCD, it would have been neglectful not to cover the issue as to Shapiro. There is no bias here.

Plaintiff is once again advised to seek the advice of a lawyer. If she cannot find a lawyer, she may wish to contact the Lawyer Referral Service of the Maricopa Bar Association at 602-257-4434, or the Volunteer Lawyers Program sponsored by Community Legal Services at 602-258-3434.

**V**

**IT IS ORDERED GRANTING** Shapiro's motion for judgment on the pleadings with respect to all state law claims, as well as claims under Title VI and Title IX (doc. 23). The

only claims remaining in this action are those brought under 42 U.S.C. § 1983 against both defendants, and claims under Title VI and Title IX against MCCCD.

DATED this 19th day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge