**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamicia Currie,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Community College District; Marvin Shapiro,<br><br>    Defendants. | No. CV-07-2093-PHX-FJM<br><br>**ORDER** |

The court has before it defendants Maricopa County Community College District ("MCCCD") and Marvin Shapiro's motion for summary judgment (doc. 27), plaintiff's response (doc. 29), and defendants' reply (doc. 32).

Defendants move for summary judgment on plaintiff's remaining claims of sexual harassment against MCCCD under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"); racial harassment under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d[1]; and deprivation of federal and constitutional rights against both MCCCD and Shapiro under 42 U.S.C. § 1983.

---

[1] Plaintiff effectively abandons her Title VI claim in her response to the motion for summary judgment. Response at 19. Therefore, we grant summary judgment in defendants' favor on this claim.

## I. SECTION 1983

### A. Shapiro

Plaintiff claims that Shapiro violated her federal rights under 42 U.S.C. § 1983 by subjecting her to a "hostile environment" of sexual harassment. To prove a hostile environment sexual harassment claim, a plaintiff must show that (1) she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her education and create an abusive educational environment. Ellison v. Brady, 924 F.2d 872, 875-76 (9th Cir. 1991); see also Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 650, 119 S. Ct. 1661, 1675 (1999). The environment must be "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S. Ct. 2275, 2283 (1998).

Plaintiff contends that Shapiro created a hostile environment by "constantly telling unsolicited jokes of a sexual nature to Plaintiff and other students." Response at 2. In particular she claims that Shapiro would accuse students who came to class late of having been "fooling around and hanky panky with their boyfriends." Id. at 4. Because plaintiff is married, she believed that these comments effectively accused her of adultery. She also complains that Shapiro boasted about "father[ing] many children around the world." Id. The most egregious incident occurred on November 14, 2006, when plaintiff informed a classmate that she was pregnant. Shapiro, having overhead the comment, announced in front of the class, "You wouldn't have gotten pregnant again if you would've said 'ah' instead of 'oh.'" Id. at 5. Plaintiff interpreted this comment as Shapiro suggesting that she should use oral sex as a form of birth control. After Shapiro made this comment, plaintiff left his class and later withdrew from school.

Other than her own allegations, plaintiff has submitted no evidence to support her claims. Her conclusory allegations and subjective beliefs unsupported by specific evidence are insufficient to establish a genuine issue of fact. Tucker v. Interscope Records, Inc., 515

- 2 -

F.3d 1019, 1030 (9th Cir. 2008). Although she contends that the harassment and humiliation occurred in front of other students in her classes, she has not produced a single witness to support her claims. She submits excerpts from her classmates' statements to establish that Shapiro "told jokes in class." Response at 17. However, none of the students perceived the jokes as offensive, racist, sexist, or otherwise derogatory, thereby serving to controvert, rather than support, her claims. PSOF, exhibit 21. Contrary to plaintiff's argument, Dr. Ken Roberts' statement that Shapiro "may tell jokes or make comments that are old guy stuff," is not evidence that Shapiro "tells old guy perverted jokes," as plaintiff suggests. Response at 17-18.

Even accepting each of plaintiff's allegations as true, she fails to establish that Shapiro's conduct was sufficiently severe or pervasive such that a reasonable person would find the educational environment hostile or abusive. See Davis, 526 U.S. at 650, 119 S. Ct. at 1675. None of plaintiff's classmates was offended by Shapiro's conduct. PSOF, exhibit 21. The conduct itself, though perhaps unrefined and ill-mannered, does not rise to the level of actionable sexual harassment. Therefore, we grant summary judgment in favor of Shapiro on plaintiff's section 1983 claim.

**B. MCCCD**

A local government entity, including a school district, may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Instead, an entity is liable only for violations occurring pursuant to an official government policy or custom. Id. at 690-91, 98 S. Ct. at 2036. Plaintiff must not only show a deprivation of her federal rights, but also that MCCCD had a policy that was itself a "moving force" behind that deprivation. Plumeau v. School Dist. No. 40, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has neither established a deprivation of federal rights, nor alleged that Shapiro acted pursuant to a policy or custom. Therefore, we grant summary judgment in favor of MCCCD on plaintiff's § 1983 claim.

## II. TITLE IX

Title IX, 20 U.S.C. § 1681(a), prohibits discrimination based on sex in any educational program or activity receiving federal education funds. A school district is liable in a private right of action for damages for a teacher's sexual harassment only when "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277, 118 S. Ct. 1989, 1993 (1998). An official is deliberately indifferent only when he makes "an official decision . . . not to remedy the violation." Id. at 290, 118 S. Ct. at 1999.

As previously discussed, plaintiff has not presented sufficient evidence to establish an actionable discrimination claim and therefore her Title IX claim fails on this basis alone. In addition, however, plaintiff has failed to present sufficient evidence to support the claim that MCCCD acted with deliberate indifference to her claims.

Plaintiff contends that MCCCD acted with deliberate indifference by failing to adequately investigate her claims or to publicize its sexual harassment policies and grievance procedures. However, MCCCD did publish its harassment policies and grievance procedures in the student handbook and on the school's website. DSOF ¶¶ 18-19. At all events, the "alleged failure to comply with the regulations . . . does not establish the requisite actual notice and deliberate indifference" required to support a Title IX claim. Gebser, 524 U.S. at 291-92, 118 S. Ct. at 2000.

Plaintiff also claims that MCCCD's deliberate indifference is evidenced in its failure to adequately and promptly investigate her claim. She complained to Kay Martens, South Mountain Community College Vice President of Student Affairs, on November 20, 2006. Martens met with plaintiff on December 4, 2006, to discuss her allegations. Martens gave her a formal complaint form, as well as a copy of the student handbook and the school's grievance policy. She encouraged plaintiff to seek counseling and walked with her to the school's counseling office to help her schedule an appointment. Martens conducted an informal investigation that included interviews with Dr. Shapiro, six of the ten students in

plaintiff's class, and Shapiro's former and current supervisors. DSOF ¶¶ 27-32. She completed her investigation at the end of January 2007, within the 90-day time limit set forth in MCCCD's harassment policy, id. ¶ 34, with a final written report concluding that she found no support for plaintiff's allegations against Shapiro. Id. ¶ 33. On January 16, 2007, before the investigation was completed, plaintiff filed this cause of action in state court. Id. ¶ 35. Plaintiff complains that she was not contacted with the results of the investigation, but given her lawsuit, such contact was not required. The undisputed evidence is sufficient to establish that MCCCD properly investigated plaintiff's allegations.

Plaintiff has failed to establish either that she suffered actionable sexual discrimination or that MCCCD acted with deliberate indifference to her claims. Therefore, we grant defendants' motion for summary judgment on plaintiff's Title IX claim.

### III. CONCLUSION

**IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc. 27) The clerk shall enter final judgment.

DATED this 12th day of November, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge